```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

KINGSWAY FINANCIAL SERVICES,       :
INC., et al.,
                                   :
              Plaintiffs,
                                   :     03 Civ. 5560 (RMB)(HBP)
    -against-
                                   :     OPINION
                                         AND ORDER
PRICEWATERHOUSE-COOPERS LLP,
et al.,                            :

              Defendants.          :

-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

I. Introduction

        Defendants PricewaterhouseCoopers LLP ("PWC") and John A. Dore (the "Moving Defendants") move to vacate my Order dated May 26, 2006 (Docket Item 104) which established a procedure under which they could attempt to contact former employees of plaintiffs American Country Holdings, Inc. ("ACHI") and Kingsway Financial Services, Inc. ("Kingsway"). Alternatively, the Moving Defendants seek relief from this Order with respect to four of these former employees. For the reasons set forth below, the Moving Defendants' motion for reconsideration of the May 26, 2006 Order is denied, and their motion for relief from this Order is granted in part, and denied in part.

II. Facts

Kingsway and ACHI bring this action against Martin L. Solomon, Edwin W. Elder, William J. Barrett, John A. Dore, Wilmer J. Thomas, Jr., Karla Violetto ("Outside Director Defendants") and PWC, alleging securities fraud, common law fraud and conspiracy in connection with Kingsway's purchase of ACHI. Plaintiffs' allegations are set forth in detail in an opinion issued by the Honorable Richard M. Berman, United States District Judge, Kingsway Fin. Serv., Inc. v. PricewaterhouseCoopers, LLP, et al., 420 F. Supp. 2d 228 (S.D.N.Y. 2005) (granting defendants' motion to dismiss in part and denying defendants' motion to dismiss in part); familiarity with this decision is assumed.

The present dispute was first raised with me in April 2006 after the plaintiffs objected to the defendants' attempt to interview a former employee of plaintiff, James Zuhlke. The defendants sought a declaratory order that they were not prohibited from contacting plaintiffs' former employees. The plaintiffs opposed this application on the ground that ex parte interviews were inappropriate with regard to persons like Zuhlke who might inadvertently disclose privileged material. On May 26, 2006, I entered an Order ("May 26, 2006 Order") setting forth the following procedure for the parties to use in situations where defendants sought to interview plaintiffs' former employees:

> (1) Defendants' counsel shall submit a list of all individuals defendants seek to interview to plaintiffs' counsel.
>
> (2) If plaintiff contends that a prospective interviewee had access to information that was subject to a legal privilege held by plaintiff or an affiliate, within ten (10) business days of defendants' identification of an interviewee, plaintiff shall submit an affidavit, or declaration pursuant to 28 U.S.C. § 1746, to defendants' counsel attesting to that fact. If such an affidavit or declaration is submitted to defendants' counsel, defendants' counsel are prohibited from contacting such interviewees directly without further order of the court.
>
> (3) In the alternative, or in addition to the procedures set forth in the preceding paragraph, within ten (10) business days of defendants' identification of an interviewee, plaintiffs' counsel may also submit a statement signed by the prospective interviewee confirming that he or she is represented by counsel and that he or she does not wish to speak to defendants' counsel without her counsel present. Defendants' counsel are prohibited from directly contacting prospective interviewees who submit such a statement without further order of the court.

Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers LLP, 03 Civ. 5560 (RMB)(HBP), 2006 WL 1520227 at *4-*5 (S.D.N.Y. June 1, 2006). Pursuant to this Order, on May 31, 2006, defendants submitted a list of seventeen individuals whom the defendants sought to interview (Letter of Lewis J. Liman, Esq., dated May 31, 2006, attached as Ex. H to the Declaration of Ryan T. Becker, Esq., dated June 9, 2008 ("Becker Decl.")). On June 14, 2006, plaintiffs' counsel represented that 16 of these 17 individuals had access to privileged information (Declaration of Harold J. Ruvoldt, Esq., dated June 14, 2006, attached as Ex. 4 to the

Declaration of Eric C. Williams, Esq., dated June 23, 2008 ("Williams Decl.")).

On May 14, 2008, the defendants wrote to me requesting that I vacate the May 26, 2006 Order. This request to vacate the May 26, 2006 Order was denied without prejudice on May 29, 2008 (Docket Item 278). At the time, I informed the defendants that even though I was denying their request, I would grant them leave to seek relief from the May 26, 2006 Order with respect to no more than five individuals based on a specific factual showing that there was no risk of the inadvertent disclosure of privileged information.

On June 6, 2008, the Outside Director Defendants and PWC filed the instant motion for reconsideration of my May 26, 2006 Order and seeking relief from the May 26, 2006 Order with respect to four former employees of ACHI and American Country Insurance Company ("ACIC"), a wholly owned subsidiary of ACHI. Subsequent to the filing of this motion, defendants Martin L. Solomon, Edwin W. Elder, William J. Barrett and Wilmer J. Thomas, Jr. entered into a settlement agreement with plaintiff and were dismissed from this action (Docket Item 291).

III. Analysis

    A. Motion for Reconsideration

The Moving Defendants make five arguments in support of their motion for reconsideration. First, the Moving Defendants contend that two subsequent decisions issued in this District undermined the legal basis of my May 26, 2006 Order (Defendant's Mem. of Law in Support of Their Motion for Permission to Contact Four Former Director/Employees of ACHI/ACID and For Reconsideration of the Court's Order of May 29, 2008 ("Docket Item 281") at 16-18). Second, they argue that I lacked authority to enter the Order (Docket Item 281 at 12). Third, the prevailing practice in the Second Circuit is to allow parties to conduct ex parte interviews of former employees (Docket Item 281 at 12, 13). Fourth, Kingsway did not make the necessary showing for the May 26, 2006 protective Order (Docket Item 281 at 14-16). Fifth, the circumstances of this case make the order "inappropriate" (Docket Item 281 at 21).

The standard for motions for reconsideration is set forth in Local Civil Rule 6.3. Local Civil Rule 6.3 makes it clear that motions for reconsideration are appropriate only in limited circumstances.

> Motions for reargument "are granted when new facts come to light or when it appears that controlling precedents were overlooked." Weissman v. Fruchtman, 658 F. Supp. 547 (S.D.N.Y. 1987). The proponent of

5

> such a motion is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [Local Civil Rule 6.3] to advance new facts and theories in response to the court's rulings. The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Lewis v. New York Telephone, No. 83 Civ. 7129, slip op. at 2, 1986 WL 1441 (S.D.N.Y. 1986) cited in Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169 (S.D.N.Y. 1988).

McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp., 727 F. Supp. 833, 833 (S.D.N.Y. 1989); see also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Group, Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

"[T]o be entitled to reargument under Local [Civil Rule 6.3, a party] must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." Am. Alliance Ins. Co. v. Eagle Ins. Co., 163 F.R.D. 211, 213 (S.D.N.Y. 1995), rev'd on other grounds, 92 F.3d 57 (2d Cir. 1996), citing Ameritrust Co. Nat'l Ass'n v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), aff'd sub nom., Fulani v.

6

Bentsen, 35 F.3d 49 (2d Cir. 1994); East Coast Novelty Co. v. City of New York, 141 F.R.D. 245, 245 (S.D.N.Y. 1992); B.N.E. Swedbank, S.A. v. Banker, 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992); Novak v. Nat'l Broad. Co., 760 F. Supp. 47, 48 (S.D.N.Y. 1991); Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n, 624 F. Supp. 856, 857 (S.D.N.Y. 1985). Thus, "a party in its motion for reargument 'may not advance new facts, issues or arguments not previously presented to the court.'" In re Integrated Res. Real Estate Ltd. P'ships Sec. Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y. 1994), quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 86 Civ. 6447 (JMC), 1989 WL 162315 at *4 (S.D.N.Y. Aug. 4, 1989), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992); accord Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991); see also Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994). A party should not use a motion for reconsideration "to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

The Moving Defendants' first argument for reconsideration is that two District Judges of this court have issued decisions allowing a party to interview former employees of the other party. See Judd v. Take-Two Interactive Software, Inc., 07 Civ. 7932 (GEL), 2008 WL 906076 at *2-*3 (S.D.N.Y. Apr. 3, 2008);

Lyondale-Citgo Refining, LP v. Petroleos De Venezuela, S.A., 02 Civ. 0795, 2003 WL 22990099 at *3-*8 (S.D.N.Y. Dec. 19, 2003). Neither of these decisions, however, constitutes <u>controlling</u> precedent that was overlooked in the May 26, 2006 Order.[1] In addition, the courts in these two cases applied the same standard that I applied in the May 26, 2006 Order but determined that the balance of competing interests favored allowing the plaintiffs to engage in <u>ex parte</u> interviews. <u>See</u> <u>Judd v. Take-Two Interactive Software, Inc.</u>, <u>supra</u>, 2008 WL 906076 at *2 (denying the motion for a protective order because "the defendant does not make any effort to identify the individuals who may have had access to privileged information, or describe the nature or extent of their exposure . . ."); <u>Lyondale-Citgo Refining, LP v. Petroleos De Venezuela, S.A.</u>, <u>supra</u>, 2003 WL 22990099 at *8-*10 (issuing a protective order similar to the May 26, 2006 Order but granting relief from the protective order with regard to 28 identified former employees of defendants). <u>See also</u> <u>GI Holdings, Inc. v. Baron & Budd</u>, 199 F.R.D. 529, 534-35 (S.D.N.Y. 2001) (entering a protective order upon a showing that former employees were privy to privileged information); <u>Polycast Technology Corp. v. Uniroyal, Inc.</u>, 129 F.R.D. 621, 629 (S.D.N.Y. 1990) (declining to bar <u>ex parte</u> communications because defendant failed to identify

---

[1] Indeed, the <u>Judd</u> opinion was issued two years after the May 26, 2006 Order so it could not have been overlooked.

8

any specific privileged information to which the witness was privy). In addition, neither of these decisions is controlling in this instance. Shub v. Westchester Cmty. College, 06 Civ. 8324 (WCC), 2008 WL 1957731 at *2 (S.D.N.Y. Apr. 28, 2008) (stating that decisions by other district courts, even district courts located in the Southern District of New York do not constitute controlling precedent for the purposes of a motion for reconsideration under Local Rule 6.3); Alzamora v. Village of Chester, 534 F. Supp. 2d. 436 (S.D.N.Y. Feb. 8, 2008); Ades v. Deloitte & Touche, 843 F. Supp. 888, 892 (S.D.N.Y. 1994). Therefore, these two cases do not justify reconsideration of my May 26, 2006 Order.

The Moving Defendants' remaining four arguments were considered and addressed in the May 26, 2006 Order. The Moving Defendants have not identified any newly discovered evidence or overlooked facts which would have affected my ruling on this issue. Instead, the Moving Defendants are essentially attempting to re-make the arguments advanced in opposition to the underlying motion (Letter from Lewis J. Liman, Esq., dated April 17, 2006, attached as Exhibit B to the Becker Decl.). This is precisely the type of practice that is not permitted in a motion for reconsideration.

Finally, as a motion for reconsideration, the Moving Defendants' submission is untimely. Local Civil Rule 6.3 re-

9

quires that motions for reconsideration be made within ten (10) days of the order that is the subject of the motion. This motion was initially resolved on May 26, 2006. Thus, the Moving Defendants' submission is untimely.

Accordingly, the Moving Defendants' motion for reconsideration is denied in all respects.

Plaintiffs argue that the defendants have violated the May 26, 2006 Order by contacting Richard Konrad's counsel for the purpose of obtaining Richard Konrad's declaration (Ex L. to the Becker Decl.). The May 26, 2006 Order states: "[d]efendant's counsel are prohibited from directly contacting prospective interviewees . . . without further order of the court." The defendants have not violated this order by contacting Richard Konrad through his counsel because: (1) such conduct does not constitute "direct contact" with a former employee as prohibited by the May 26, 2006 order;(2) contact with a former employee's counsel poses no risk that privileged information will be disclosed.

B. Motion for Relief
   with Respect to Four of
   Plaintiff's Former Employees

The Moving Defendants also seek relief from the May 26, 2006 Order with respect to four former employees of ACHI and ACIC. The Moving Defendants contend that relief is appropriate

10

because these former employees, each of which is discussed below, did not have access to any privileged information that was not also available to the Moving Defendants.

### 1. Richard Konrad

Richard Konrad served as an outside director of ACHI and ACIC from approximately February 2001 until approximately April 2002 (Declaration of Richard Konrad, dated June 6, 2008, ("Konrad Decl.") at ¶ 1, attached as Ex. L to the Becker Decl.). During the entire time that Richard Konrad was an outside director, defendant John Dore also served on the board of directors (Declaration of John Dore, dated June 5, 2008, ("Dore Decl.") at ¶ 1, attached as Ex. N to the Becker Decl.). During his term as outside director, Richard Konrad attended six board meetings at which Stuart Goodman, outside counsel for ACIC and ACHI, was present (Dore Decl. at ¶ 6). John Dore was also present at these six meetings (Dore Decl. at ¶ 6).

While it is certainly possible that Richard Konrad may have had access to privileged information in addition to that presented at these six board meetings, plaintiffs have failed to meet their burden of identifying any other occasions on which Richard Konrad had access to privileged information. See Von Bulow v. Von Bulow, 811 F.2d 136, 146 (2d Cir. 1987) (holding that the party claiming the attorney client privilege "has the

11

burden of establishing all the essential elements thereof"). All of the evidence in the record indicates that Richard Konrad did not have access to privileged information that was not also conveyed to John Dore (Konrad Decl. at ¶ 5). Therefore, an <u>ex parte</u> interview of Richard Konrad poses no risk of inadvertent disclosure of privileged information that is not already known to the Moving Defendants and consequently no possibility of prejudice to plaintiff. <u>See</u>, <u>e</u>.<u>g</u>., <u>People ex rel. Spitzer v. Greenburg</u>, 50 A.D.3d 195, 199-202, 851 N.Y.S.2d 196, 199-201 (1st Dep't 2008) (granting former directors' motion to compel the disclosure of privileged documents necessary for their defense but limiting discovery to those documents generated during their tenure as directors); <u>Kirby v. Kirby</u>, No. Civ. A. 8604, 1987 WL 14862 at *6-*8 (Del. Ch. 1987) (holding that directors are a "joint client" when legal advice is rendered to the corporation and directors consequently have a right to access any attorney communications with the company that occurred during their tenure as directors).

Accordingly, the Moving Defendants' motion for relief from the May 26, 2006 Order regarding Richard Konrad is granted.

2. <u>Herbert Gardner</u>

Herbert Gardner served as an outside director of ACHI from July 1997 until May 1998 and as a Senior Vice President of

12

Janney Montgomery Scott, LLC, ACHI's investment bank, from 1978 until the fall of 2002 (Declaration of Herber Gardner, dated June 2, 2008, ("Gardner Decl.") at ¶¶ 1, 3, attached as Ex. O to the Becker Decl.). During the entire time that Herbert Gardner served on the ACHI board of directors, Martin Solomon, Edwin Elder, William Barrett, and Wilmer Thomas also served as directors of ACHI (Gardner Decl. at ¶ 6). These outside directors have, however, been dismissed from this action pursuant to the July 10, 2008 settlement among the parties (Docket Item 291). John Dore, the only remaining Outside Director Defendant, was not a member of ACHI's board of directors during Herbert Gardner's tenure on the board (Dore Decl. at ¶ 1). Accordingly, an <u>ex parte</u> interview of Herbert Gardner could potentially disclose privileged information to the Moving Defendants. <u>See</u> <u>People ex rel. Spitzer v. Greenburg</u>, <u>supra</u>, 50 A.D.3d 195, 199-202, 851 N.Y.S.2d 196, 199-202 (specifically limiting their holding to documents produced during the director's tenure); <u>Kirby v. Kirby</u>, <u>supra</u>, 1987 WL 14862 at *7 (denying plaintiffs access to privileged documents created after August 13, 1998, the date the plaintiff directors were removed from office).

With regards to Herbert Gardner, the Moving Defendants have failed to show sufficient grounds for relief from the May 2006 Order, and, accordingly, their motion for relief is denied.

13

### 3. Sandy Beschta

Sandy Beschta served as the administrative assistant to both Edwin Elder and John Dore (Dore Decl. at ¶ 1; Declaration of Edwin W. Elder, dated June 5, 2008, ("Elder Decl.") at ¶ 12, attached as Ex. M to Becker Decl.). In her role as Edwin Elder's administrative assistant, Sandy Beschta had access to privileged communications between Edwin Elder and ACHI's attorneys (Elder Decl. at ¶ 12). John Dore would not have been privy to these privileged communications between Sandy Beschta and Edwin Elder because they occurred prior to the start of his tenure as president or CEO (Dore Decl. at ¶ 1). Any ex parte communication between the Moving Defendants and Sandy Beschta, therefore, poses a risk that privileged information will be disclosed.

Accordingly, the Moving Defendants' motion for relief from the May 26, 2006 Order regarding Sandy Beschta is denied.

### 4. Joan Friedberger

Joan Friedberger was the Vice President of Sales and Underwriting during Edwin Elder's tenure as President of ACIC and John Dore's tenure as President of ACIC and ACHI (Elder Decl. at ¶ 15; Dore Decl. at ¶ 13). As Vice President of Sales and Underwriting, Joan Friedberger had privileged discussions with ACIC's counsel, Edwards & Angell LLP, contact with ACIC's in house law firm, Jesmer & Harris, and with several outside attor-

14

neys (Elder Decl. at ¶ 16). The Moving Defendants were not privy to these privileged discussions, many of which took place in 1997 and 1998. John Dore did not become CEO of ACHI until 2000 or President of ACIC until 2001 (Dore Decl. at ¶ 1). Consequently, an ex parte interview of Joan Friedberger also poses the risk that privileged information will inadvertently be exposed.

Accordingly, the Moving Defendants' motion for relief from the May 26, 2006 Order regarding Joan Friedberger is denied.

IV. Conclusion

For the aforementioned reasons, the Moving Defendants' motion for reconsideration of the May 26, 2006 order is denied in all respects, the Moving Defendants' motion for relief from my May 26, 2006 Order is granted with respect to their application to contact Richard Konrad directly and denied in all other respects.

Dated: New York, New York
September 12, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Harold J. Ruvoldt, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, New York  10022-7001

William R. Maguire, Esq.
Jeffrey M. Greilsheimer, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York  10004

Eric J. Marler, Esq.
Karen A. Reardon, Esq.
Scott O. Reed, Esq.
Reardon Golinkin and Reed
208 South LaSalle Street
Chicago, Illinois  60604