UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

KINGSWAY FINANCIAL SERVICES,       :
INC., et al.,
                                   :
                Plaintiffs,
                                   :    03 Civ. 5560 (RMB)(HBP)
     -against-
                                   :    OPINION
PRICEWATERHOUSE-COOPERS LLP,            AND ORDER
et al.,                            :

                Defendants.        :

-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-9-09.

     PITMAN, United States Magistrate Judge:

     I write to resolve defendant Dore's application to compel production of documents withheld by plaintiffs on the ground that plaintiffs failed to serve their index of withheld documents in a timely manner.

     This is a fraud action arising out of Kingsway Financial Services, Inc.'s ("Kingsway's") purchase of American Country Holdings, Inc. ("ACHI") in a hostile tender offer in 2001. Kingsway claims that the loss reserves of an ACHI insurance subsidiary were insufficient and that Dore and PwC fraudulently concealed this insufficiency, with the result that ACHI appeared to be in a better financial condition than it actually was. Plaintiffs further contend that, after discovering the true financial condition of ACHI, they were forced to increase the loss reserves and restate ACHI's financial results for the years

ending December 31, 2001, December 31, 2002 and the quarter ending March 31, 2002.

Until 2008, there were three principal groups of defendants: (1) the "Outside Directors,"[1] (2) John Dore, the former chairman of ACHI, and (3) Pricewaterhousecoopers, LLP, ACHI's independent auditor.  In 2005, the Outside Directors, served a set of document requests on plaintiffs.  For reasons that are not material here, as late as December 2006, plaintiffs' document production pursuant to that request had not been completed.  As a result of a discovery conference held on December 19, 2006, I entered an Order on December 28, 2006 (Docket Item 133), directing that production of documents responsive to the Outside Directors' 2005 document request be made on a rolling basis, with specific groups of documents to be produced 51, 65 and 91 days after the December 19, 2006 Order.  My December 28, 2006 Order did not specifically address when plaintiffs were to produce an index of documents withheld on the ground of privilege.  Plaintiffs objected to my December 28, 2005, and the Honorable Richard M. Berman, United States District Judge, rejected the objections and adopted my Order on March 2, 2007 (Docket Item 156).

---

[1]The individuals collectively referred to as the Outside Directors are Martin L. Solomon, Edwin W. Elder, William J. Barrett and Wilmer J. Thomas, Jr.

I subsequently denied two applications by plaintiffs to adjourn the schedule set in my December 28, 2006 Order (Docket Items 170 & 179). The second of these Orders was dated June 22, 2007 and expressly addressed the index of documents withheld on the ground of privilege and noted:

> Plaintiffs' application for an extension of time to produce its indices of documents withheld on the ground of privilege is denied.
>
> My Order dated December 28, 2006 set a schedule for production of documents; if anything, the indices of withheld documents were due on the deadlines for production set forth in that Order. See Local Civil Rule 26.2(c). Plaintiffs' letters requesting an extension of time to serve its indices do not justify plaintiffs' disregard of the December 28, 2006 and, a fortiori, do not justify extending the dates for the production of the indices of withheld documents.

This second Order was also adopted by Judge Berman on November 7, 2007 (Docket Item 218).

Despite the provision in my June 22, 2007 Order noting that the deadline for providing an index of documents withheld on the ground of privilege had already passed, plaintiffs served such an index on or about June 25, 2007. Until the present application, made by Dore on November 26, 2008, no party made any application to Judge Berman or myself to compel the production of the documents listed on plaintiffs' June 25, 2007 index.

In July 2008, the Outside Directors reached a settlement with plaintiffs, and Judge Berman entered an Order on July 10, 2008 (Docket Item 291) that provided, among other things,

3

that "[t]he Parties[2] further agree that all applications now pending between them before any and all courts shall be withdrawn . . . ."

By Order dated August 15, 2008, I denied a motion by plaintiffs to dismiss any pending discovery motions made by the Outside Directors on the ground that these motions still represented live disputes. That Order was also adopted by Judge Berman on December 12, 2008, Judge Berman's December 12, 2008 Order noted that:

> The Discovery Motions filed by parties who are no longer in this case appear to be moot. (See Settlement Order at 5 ("all applications now pending between [the Plaintiffs and Outside Directors] . . . shall be withdrawn")); see also Deborah Mallow Designs, Inc. v. Blair Corp., No. 95 Civ. 3383, 1995 WL 625711, at "1 (S.D.N.Y. Oct. 25, 1995). At the same time, the issues raised by the Outside Directors "are still live disputes . . . with respect to the remaining [D]efendants." (Aug. 14 Hearing Tr. at 17; see Dore Opp'n at 4 ("Dore's First Request for Production of Documents Directed to Plaintiffs, served on September 27, 2005 . . . encompassed almost the entirety of the Outside Directors' [r]equest"); PwC Opp'n at 3 ("PwC, on May 17, 2006, served a document request requiring the production of all documents responsive to the Outside Directors' demands")); see also Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc., No. 05 Civ. 2164, 2007 WL 1112525, at *4 (D. Kan. Apr. 11, 2007).

---

[2]The Order does not define the term "Parties." However, since the July 10, 2008 Order dismissed the claims against the outside Directors and Karla Violetto and is signed only by their counsel and counsel for plaintiffs, I conclude that the term "Parties," as used in the July 10, 2008, Order refers to Violetto, the Outside Directors and plaintiffs only.

4

>      Thus, the remaining Defendants may renew their discovery requests prior to the close of fact discovery on December 31, 2008 by submitting brief letter applications on or before December 12, 2008.

Dore now seeks to compel production of the documents listed on plaintiffs' June 25, 2007 index of withheld documents on the ground that plaintiffs' failure to serve the index in a timely manner operates as waiver of any privilege or protection that might otherwise be applicable.

One of the legal issues central to the present dispute is the standing of one party to enforce a discovery request served by a co-party. The parties have cited no legal authorities addressing the issue, and my own research has disclosed only two material cases. In Payne v. Exxon Corp., 121 F.3d 503 (9th Cir. 1997), plaintiffs failed to comply with several discovery requests served by the Exxon Corp. and failed initially to comply with one discovery request served by defendant VECO, Inc. After repeated failures to obey court orders directing them to comply with the Exxon defendants' discovery requests, the District Court dismissed the action as to all defendants. Plaintiffs argued, among other things, that dismissal of the claims against VECO was improper because the discovery requests that formed the basis of the dismissal motion had been served by the Exxon defendants, not VECO, and that plaintiffs were not in default with respect to any discovery obligation owed to VECO.

Although the Court of Appeals for the Ninth Circuit rejected plaintiffs' argument on the ground that plaintiffs' claims had been dismissed for failing to obey a court order and that any party could seek enforcement of an order, 121 F.3d at 510, the Court noted in dicta that plaintiffs' argument would have been persuasive if the issue had been the enforcement of the discovery requests themselves:

> Federal Rule of Civil Procedure 37(a)(2)(A) provides that "any other party" may move to compel the automatic disclosures required of all litigants by Rule 26(a). Only "the discovering party," however, may bring a motion to compel a response to specific interrogatories, requests for production, and the like. See Fed.R.Civ.P. 37(a)(2)(B). Lowe correctly asserts that VECO would not have had standing to move to compel answers to Exxon's discovery requests.

121 F.3d at 509-10.

Payne was followed in In re Urethane Antitrust Litig., 237 F.R.D. 454 (D. Kan. 2006) which involved facts identical to those at issue here. In In re Urethane, several defendants served discovery requests on plaintiffs. One of the defendants, Bayer, settled with plaintiffs before the disputes concerning its discovery requests were resolved. Citing Payne, the Court held that the non-settling defendants lacked standing to seek enforcement of Bayer's discovery requests.

> Federal Rule of Civil Procedure 37(a)(2)(A) provides that "any other party" may move to compel the automatic disclosures required of all litigants by Rule 26(a). Only "the discovering party," however, may bring a motion to compel a response to specific interrogatories, requests for production, and the like.[FN4]

6

> In applying this rule, the Court finds the non-Bayer Defendants do not have had standing to move to compel answers to the Bayer Defendants' interrogatories.[FN5] Thus, the Court will deny the Motion to Compel with respect to the Bayer Defendants' discovery requests.
>
> FN4. Fed.R.Civ.P. 37(a)(2)(B).
>
> FN5. Payne v. Exxon Corp., 121 F.3d 503, 510 (9th Cir. 1997) (codefendant did not have standing to move to compel answers to defendant's discovery requests).

237 F.R.D. at 457-58.[3]

In light of the foregoing, I conclude that Dore lacks standing to argue that plaintiffs waived their claims of privilege by failing to serve an index in a timely manner because Dore never had standing to raise that argument while plaintiffs were in default and because no such motion as ever made by the Outside Directors that Dore could assume.

On September 19, 2007, Dore did serve his own document requests which expressly incorporated the document requests served by the Outside Directors (Letter from Harold J. Ruvoldt, Esq. to the undersigned, dated December 21, 2008, at 6, n.13). Assuming a timely motion, these requests would give Dore standing to challenge the merits of any assertion of privilege by plaintiffs, but they do not give Dore standing to argue that plain-

---

[3]Although the courts in both Payne and In re Urethane were decided prior to the 2007 amendments to Rule 37, that fact is of no moment. The Advisory Committee Notes concerning the 2007 amendments to Rule 37 expressly state that the amendments were "intended to be stylistic only." The relevant provisions of Rule 37 are now set forth in Rule 37(a)(3)(B).

tiffs waived their privilege by failing to serve an index in a timely manner because the index was served approximately five months prior to Dore's request.

I also note that Judge Berman's Order dated December 8, 2008 does not alter the result. Even if I reject the narrow reading plaintiffs give that Order and construe the December 8 Order as permitting the remaining defendants to renew the discovery motions previously made by the Outside Directors, there was no prior application by the Outside Directors, either formal or informal, to compel the production of plaintiffs' purportedly privileged documents on the ground that the index of withheld documents was not timely served. Since there was no prior motion by the Outside Directors, there is nothing for the remaining defendants to renew. Alternatively, if I construe Judge Berman's December 8, 2008 Order in the manner suggested by plaintiffs and conclude that it grants the remaining defendants standing to pursue the discovery requests served by the Outside Directors, I still conclude that Dore cannot prevail on his current waiver argument because plaintiffs' index was never overdue at a time when Dore had standing.

Accordingly, for all the foregoing reasons, Dore's application to compel the production of documents withheld by

plaintiff on the ground of privilege on the ground that the June 25, 2007 index of those documents was not timely served is denied.

Dated:  New York, New York
        January 9, 2009

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copes transmitted to:

Harold J. Ruvoldt, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, New York  10022-7001

William R. Maguire, Esq.
Jeffrey M. Greilsheimer, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York  10004

Scott Golinkin, Esq.
Scott O. Reed, Esq.
Reardon Golinkin and Reed
208 South LaSalle Street
Chicago, Illinois  60604