```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
KINGSWAY FINANCIAL SERVICES,         :
INC., et al.,
                                     :
              Plaintiffs,
                                     :   03 Civ. 5560 (RMB)(HBP)
     -against-
                                     :   OPINION
PRICEWATERHOUSE-COOPERS LLP,             AND ORDER
et al.,                              :

              Defendants.            :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 2-18-09

     PITMAN, United States Magistrate Judge:

     I write to resolve the application of the remaining defendants to compel plaintiffs to respond to interrogatories and document requests served on December 1, 2008.

     The relevant facts can be stated briefly. Pursuant to the Order of the Honorable Richard M. Berman, United States District Judge, all fact discovery in this matter was to be completed by December 31, 2008. On December 1, 2008 defendants PricewaterhouseCoopers LLP ("PWC") and John A. Dore each served interrogatories and document requests on plaintiffs' counsel. PWC and Dore served these discovery requests by e-mail, facsimile[1] and first class mail. Later that same day, plain-

---

[1] The Federal Rules of Civil Procedure permit service by electronic means only where the receiving party has consented in writing. Fed.R.Civ.P. 5(b)(2)(E). No party claims electronic service was not authorized in this matter, and I assume that all
(continued...)

tiffs' attorneys served discovery requests on PWC and Dore by e-mail. PWC and Dore responded to plaintiffs' discovery requests on December 31, 2008. Plaintiffs have not responded to the interrogatories and document requests served by PWC and Dore and claim that they are untimely because the responses were due after the deadline for fact discovery.

Although plaintiffs are correct that defendants' discovery requests are untimely, I conclude that plaintiffs are equitably estopped from asserting this objection.

In the absence of a stipulation or Order to the contrary, a party receiving an interrogatory or document request ordinarily has 30 days to respond or object. Fed.R.Civ.P. 33(b)(2); 34(b)(2). Where service is made by electronic means or by mail, three days are added to this time period. Fed.R.Civ.P. 6(d). Since all parties' discovery requests were served electronically on December 1, 2008, responses were due 33 days later, or January 3, 2009. Since January 3, 2009 was a Saturday, the due date was automatically extended to Monday, January 5, 2009. Fed.R.Civ.P. 6(a)(3). Since January 5, 2009 is five days after the fact-discovery deadline, the discovery requests were untimely.

---

[1](...continued)
parties consented to such service.

However, it would clearly be unfair for plaintiffs to obtain discovery as a result of requests served on December 1, 2008 while concluding that PWC and Dore's requests served on the same date are time-barred. The doctrine of equitable estoppel remedies this unfairness.

> Unlike judicial estoppel, which is designed to protect the integrity of the judicial process, equitable estoppel ensures the fairness between the parties. [Bates v. Long Island R.R. Co., 997 F.2d 1028, 1037 (2d Cir. 1993)]. Equitable estoppel is proper where the enforcement rights of one party would create injustice to the other party who has justifiably relied on the words or conduct of the party against whom estoppel is sought. Kosakow v. New Rochelle Radiology Assocs., 274 F.3d 706, 725 (2d Cir. 2001). According to federal law, "a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely on it; 2) and the other party reasonably relies upon it; 3) to her detriment." Id.

OSRecovery, Inc. v. One Groupe Int'l, Inc., 462 F.3d 87, 94 n.3 (2d Cir. 2006); accord In Re Omnicom Corp., Inc. Sec. Litig., 02 Civ. 4483 (WHP)(MHD), 2007 WL 2376170 at *5 (S.D.N.Y. Aug. 10, 2007).

I conclude that plaintiffs' service of their own discovery requests on December 1, 2008 constituted an implied representation by plaintiffs that discovery requests served on that day were timely.[2] The defendants relied on this implied

---

[2]Indeed, the intentional service of discovery requests that the serving party believed to be untimely would probably be sanctionable as a violation pursuant of Fed.R.Civ.P. 26(g).

3

representation of plaintiffs by responding to the discovery requests. Defendants' responses constituted detriment because, by responding, defendants did something they would not have otherwise had to do. See Anand v. Wilson, 32 A.D.3d 808, 809, 821 N.Y.S.2d 130, 131 (2d Dep't 2006); Whitmore v. Whitmore, 8 A.D.3d 371, 372, 778 N.Y.S.2d 73, 75 (2d Dep't 2004).

Finally, applying the doctrine of equitable estoppel here will ensure fairness between the parties by affording equal treatment to the discovery requests served by both sides on the same date.

Plaintiffs argue that their discovery requests are somehow different from and unrelated to the discovery requests served by PWC and Dore and should not, therefore, be considered. Plaintiffs' argument is unconvincing. Plaintiff's discovery requests were served in the same action, were subject to the same discovery deadline and were served on the same day as PWC's and Dore's discovery requests. Given these common facts, plaintiffs' discovery requests cannot be ignored.

Accordingly, plaintiffs are directed to respond to the interrogatories and document requests served by PWC and Dore on December 1, 2008 within ten (10) days of the date of this Order. Because I do not know what objections, if any, plaintiffs will attempt to assert in response to the requests, I do not reach the issue of whether plaintiff's failure to respond to the discovery

4

requests within thirty-three days results in a waiver of any potential objections.

Dated:  New York, New York
        February 18, 2009

                                        SO ORDERED

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Harold J. Ruvoldt, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, New York  10022-7001

William R. Maguire, Esq.
Jeffrey M. Greilsheimer, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York  10004

Scott Golinkin, Esq.
Scott O. Reed, Esq.
Reardon Golinkin and Reed
208 South LaSalle Street
Chicago, Illinois  60604